# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

**JUAN LUIS LIRA #83040-180,**
        **Plaintiff,**

-vs-                                                        Case No.  A-09-CA-305-LY

**HARLEY G. LAPPIN, WARDEN**
**CLAUDE MAYE, and DR. McLAUGHLIN,**
        **Defendants.**

# REPORT AND RECOMMENDATION
# OF THE UNITED STATES MAGISTRATE JUDGE

TO:    THE HONORABLE LEE YEAKEL
        UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates Judges, as amended, effective December 1, 2002.

Before the Court are Plaintiff's complaint (Document No. 1); Plaintiff's memorandum in support (Document No. 2); the Defendant's Motion to Dismiss, which this Court has construed as a Motion for Summary Judgment (Document No. 17); and Plaintiff's response thereto (Document No. 19). Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

## I. BACKGROUND

At the time he filed his complaint, Plaintiff was confined in the Special Housing Unit (SHU) at FCI Bastrop. Plaintiff asserts he pulled his groin on March 6, 2008, while confined at FCI Bastrop. Plaintiff complains about the medical care he received for his injury. However, Plaintiff did not exhaust his administrative remedies prior to filing his lawsuit. Defendants move to dismiss Plaintiff's complaint on this basis.

## II. ANALYSIS

A. <u>Standard of Review Under Fed. R. Civ. P. 56(c)</u>

The Court has construed the Defendants' Motion to Dismiss as a Motion for Summary Judgment, as it relies on documents outside of the pleadings. A court will, on a motion for summary judgment, render judgment if the evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. <u>Eason v. Thaler</u>, 73 F.3d 1322, 1325 (5th Cir. 1996); <u>Int'l Shortstop, Inc. v. Rally Inc.</u>, 939 F.2d 1257, 1263 (5th Cir. 1991), <u>cert. denied</u>, 502 U.S. 1059, 112 S. Ct. 936 (1992). When a motion for summary judgment is made and supported, an adverse party may not rest upon mere allegations or denials but must set forth specific facts showing there is a genuine issue for trial. <u>Ray v. Tandem Computers, Inc.</u>, 63 F.3d 429, 433 (5th Cir. 1995); Fed. R. Civ. P. 56.

Both movants and non-movants bear burdens of proof in the summary judgment process. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 106 S. Ct. 2548 (1986). The movant with the burden of proof at trial must establish every essential element of its claim or affirmative defense. <u>Id</u>. at 322, 106 S. Ct. at 2552. In so doing, the moving party without the burden of proof need only point to the absence of evidence on an essential element of the non-movant's claims or affirmative defenses. <u>Id</u>.

at 323-24, 106 S. Ct. at 2554. At that point, the burden shifts to the non-moving party to "produce evidence in support of its claims or affirmative defenses . . . designating specific facts showing that there is a genuine issue for trial." Id. at 324, 106 S. Ct. at 2553. The non-moving party must produce "specific facts" showing a genuine issue for trial, not mere general allegations. Fed. R. Civ. P. 56(e); Tubacex v. M/V Risan, 45 F.3d 951, 954 (5th Cir. 1995).

In deciding whether to grant summary judgment, the Court should view the evidence in the light most favorable to the party opposing summary judgment and indulge all reasonable inferences in favor of that party. The Fifth Circuit has concluded "[t]he standard of review is not merely whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the non-moving party based upon the evidence before the court." James v. Sadler, 909 F.2d 834, 837 (5th Cir. 1990) (citing Matsushita, 475 U.S. at 586, 106 S. Ct. 1356)). To the extent facts are undisputed, a Court may resolve the case as a matter of law. Blackwell v. Barton, 34 F.3d 298, 301 (5th Cir. 1994).

      B.      <u>Exhaustion of Administrative Remedies</u>

The PLRA provides "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); Days v. Johnson, 322 F.3d 863, 866 (5th Cir. 2003); Underwood v. Wilson, 151 F.3d 292, 293 (5th Cir. 1998). Exhaustion is now mandatory, "irrespective of the forms of relief sought and offered through administrative avenues." Booth v. Churner, 532 U.S. 731, 739, 741 n. 6, 121 S. Ct. 1819 (2001). Additionally, "[u]nder the present version of § 1997e, the district court is no longer required to

determine whether a prisoner . . . has reasonably and in good-faith pursued his administrative remedies." Underwood, 151 F.3d at 294.

Since the amendment of § 1997e, the Fifth Circuit has taken a strict approach to the exhaustion requirement. See Richardson v. Spurlock, 260 F.3d 495, 499 (5th Cir. 2001) (affirming dismissal of inmate's § 1983 claim for failure to exhaust because the inmate "incorrectly filed an administrative appeal rather than a disciplinary appeal"); Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001) (stating "[n]othing in the [PLRA] . . . prescribes appropriate grievance procedures or enables judges, by creative interpretation of the exhaustion doctrine, to prescribe or oversee prison grievance systems") (footnote omitted). On the other hand, the Fifth Circuit has also stated the exhaustion requirement "may be subject to certain defenses such as waiver, estoppel, or equitable tolling." Wendell v. Asher, 162 F.3d 887, 890 (5th Cir. 1998).

The Supreme Court has made clear "Congress has provided in § 1997e(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative sources." Booth, 532 U.S. at 741, 121 S. Ct. at 1825, n.6. Additionally, the Supreme Court has held the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes. Porter v. Nussle, 534 U.S. 516, 532, 122 S. Ct. 983, 992 (2002).

1. Bivens Claims

The Federal Bureau of Prisons, which administers the prison in which Plaintiff is incarcerated, has a four-step process for resolving complaints by prisoners. Initially, a prisoner must attempt to informally resolve the complaint with staff by filing a BP-8 form. 28 C.F.R. § 542.13(a). If informal attempts are unsuccessful, the prisoner must submit a written complaint to the warden

4

using a BP-9 form. 28 C.F.R. § 542.13(b). If the prisoner is not satisfied with the warden's response, he may appeal to the Regional Director using a BP-10 form. 28 C.F.R. § 542.15. If still unsatisfied, the prisoner may appeal to the Office of General Counsel using form BP-11. 28 C.F.R. § 542.15.

The Defendants have provided the Court with the affidavit of Martin Joseph Sweaney, staff attorney for the Bureau of Prisons ("BOP"). Sweaney attests that Plaintiff has been incarcerated at FCI Bastrop since May 4, 2007. According to Sweaney, Plaintiff has never submitted any filings pursuant to the BOP's administrative remedy system. Attached to Plaintiff's response are several requests to staff forms but no forms relating to the final three steps of the grievance process. In addition, many of these forms are dated after Plaintiff had executed his federal complaint on April 11, 2009. Accordingly, Plaintiff failed to exhaust his administrative remedies prior to executing his federal complaint.[1]

### III. RECOMMENDATION

The undersigned recommends that the District Court **GRANT** Defendants' Motion to Dismiss, which has been converted to a Motion for Summary Judgment, and **DISMISS WITHOUT PREJUDICE** Plaintiff's complaint for failure to exhaust his administrative remedies.

---

[1] The Court notes Plaintiff has received the help of Inmate Herbey Armendariz in filing his complaint. Armendariz recently flooded the Court with numerous civil rights complaints and related applications for habeas corpus relief filed on behalf of other inmates. All of the cases appear to have been filed without first exhausting administrative remedies. In addition, it is unclear whether these complaints and applications were signed by Armendariz or the actual plaintiff or petitioner in each case.

## IV. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. <u>Battles v. United States Parole Comm'n</u>, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. <u>See</u> 28 U.S.C. § 636(b)(1)(C); <u>Thomas v. Arn</u>, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); <u>Douglass v. United Servs. Auto. Assoc.</u>, 79 F.3d 1415, 1428-29 (5th Cir. *en banc*, 1996).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 21st day of September, 2009.

_____
ROBERT PITMAN
UNITED STATES MAGISTRATE JUDGE